UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

SUMMIT-VIEW, LLC,

                Debtor,                          Case No. 8:19-bk-10111-MGW

_____

ROBERTO VALDEZ,

                Plaintiff,

v.                                         Adv. Case No. 8:20-ap-00059-MGW

SUMMIT VIEW, LLC,  a Florida limited
Liability company; DOUGLAS J. WEILAND,
an individual; JES PROPERTIES, INC., a Florida
corporation; KEENE SERVICES, INC., a Florida
corporation; and FLORIDA DESIGN
CONSULTANTS, INC., a Florida corporation,

                Defendants.

_____

**DEFENDANT KEENE SERVICES, INC.'S
MOTION TO DISMISS AMENDED COMPLAINT**

COMES NOW, KEENE SERVICES, INC., a Florida corporation ("Keene Services"), by

and through its undersigned attorney and pursuant to Bankruptcy Rule 7012 and other applicable

law hereby moves this Court to dismiss Counts I and III as to Keene Services and alleges:

1.      The Amended Complaint alleges two claims against Keene Services arising from

excavation on Debtor/Defendant's, Summit View, LLC's, real property: Count I for trespass and

Count III for negligence. Both of Plaintiff s purported causes of action suffer from multiple

failings which require dismissal.

2.      In reviewing a motion to dismiss, the Court must accept the allegations in the complaint as true and consider them in the light most favorable to the plaintiff. Siegle v. Progressive Consumers Inc. Co., 819. So 2d 732, 734-35 (Fla. 2002); Nicarry v. Eslinger, 990 So. 2d 319, 326 (Fla. 3d DCA 2008).   Under the Federal Rules, a complaint must contain allegations of "ultimate fact" that would support the plaintiffs' theory of relief.   A pleading which sets forth a claim for relief must state a cause of action and shall contain a short and plain statement of the ultimate facts showing that the pleader is entitled to relief.  Beckler v. Hoffman, 550 So 2d 68 70 (Fla. 5th DCA 1989).  The Plaintiff fails to allege sufficient facts to state a cause of action in either of the counts in the Amended Complaint, and therefore it should be dismissed.

3.      A civil trespass to real property is an injury to or use of land of another by one having no right or authority. Winselmann v. Reynolds, 690 So.2d 1325 (Fla. 3d DCA 1997); Gunning v. Equestleader.com, Inc., 253 So.3d 646 (Fla. 2d DCA 2017).  The injury caused by a trespass to real property is the loss of the use and enjoyment of the land or injury to the land. Daniel v. Morris, 181 So.3d 1195 (Fla. 5th DCA 2015).

4.      Here, the Amended Complaint fails to separate conduct of Keene Services.  The Plaintiff summarily alleges in paragraph 23(a)-(g) that Summit View, LLC, Douglas J. Weiland, JES Properties, Inc., **and** Keene Services collectively constructed a stormwater management system in violation of certain SWFWMD permits.  The Plaintiff fails to identify Keene Services as the permit holder, adjacent property owner or party responsible for constructing or managing the stormwater management system which alleged failure contributed to or caused the alleged trespass onto the Plaintiff's real property.

5.      The Plaintiff's Amended Complaint fails to allege the time frame when such "construction" was performed.  This is important because Keene Services was not incorporated until April 2009 and had no relationship with the subject property until 2013. If the alleged violations predate Keene Services' removal of dirt from the Summit View property, this Defendant could not have any liability.

6.      The Plaintiff's Amended Complaint fails to allege when flooding, storm water runoff, accumulation of silt, loss of personal property, damage to improvements and other alleged damages in paragraph 30 occurred.  Defendant Keene Services is not able to frame a responsive pleading without this information.

7.      Other than the summary allegations in paragraph 23, the only allegation regarding Keene Services' responsibility for anything related to the Summit View property in Count I is in paragraph 11 which states Keene Services "has been contracted to excavate, load and remove dirt in connection with Summit-View's dirt mining operations on Summit-View's 135 acres." Management and operational services are specifically alleged to be the responsibility of Defendant JES Properties, Inc.  The Plaintiff's allegations as to Keene Services are lacking and inconsistent for a claim of trespass against this Defendant.

8.      Count III asserts a claim for negligence against Keene Services.  Allegations within Count III are inconsistent, and this Count should be dismissed. Don Mar, Inc. v. Gillis, 483 So.2d 870 (Fla. 5th DCA 1986); Opti, Inc. v. Sales Engineering Concepts, Inc., 701 So.2d 1234 (Fla. 4th DCA 1997); and Harry Pepper & Assoc., Inc. v. Lasseter, 247 So.2d 736 (Fla. 3d DCA 1971).

9.      Paragraph 39 of the Amended Complaint alleges Keene Services oversees and manages the mining operations, but paragraphs 11 and 13, both of which are incorporated by

reference into Count III, alleges JES Properties, Inc. is contracted for "management services" and to "oversee" dirt mining operations on Summit-View's 135 acres.

10.    Paragraph 46 alleges that Mr. Valdez' 135 acres receives excess water runoff and soil deposits, but other paragraphs (Para. 10, 24, and 25) allege his property is 15 acres.

11.    Further, the first sentence of paragraph 40 of the Amended Complaint is nonsensical. It states:   "As the contractor charged with the oversight, management and performance of the Mr. Valdez, a duty to perform these acts in a manner that does not damage immediately adjoining lands."

12.     Keene Services is not the owner of any adjacent property to Plaintiff, and it is not the holder of any permits applicable to any adjacent property to the Plaintiff, yet the Plaintiff alleges in conclusory fashion that Keene Services had a duty to "comply with the SWFWMD permit".  There is no allegation that Keene Services was a party to -- or even  knew about -- the SWFWMD permit, that Keene Services had been hired by anyone to provide any erosion control or to construct any stormwater management systems.   Count III summarily alleges Keene Services was negligent in failing to do these things without alleging sufficient facts to establish a responsibility for them.

13.    Count III fails to allege facts which would establish that Keene Services owed a duty of care to the Plaintiff. Curd v Mosaic Fertiliza LLC, 39 So. 3d, 12,16, 122.7 (Fla. 2010). The Amended Complaint alleges Keene Services failed to follow industry standards, but fails to identify what standards and how they were allegedly breached.

14.    Further, Count III also fails to state a cognizable claim for negligence because it fails to identify when the alleged tortious conduct allegedly occurred. County III merely alleges events occurred "during the 12-year life of the mining operation," which is insufficient for this

Defendant to prepare a responsive pleading.  As stated previously, Keene Services was not contracted to provide any work on the Summit-View's property until 2013.  It is important for Keene Services to know when alleged negligence occurred so this Defendant can frame a responsive pleading.

15.    There are no allegations of facts supporting liability against Keene Services for negligence.

WHEREFORE, Defendant Keene Services, Inc. respectively request that Counts I and III of the Amended Complaint as to this Defendant be dismissed, together with such other relief as the Court deems proper.

Darryl W. Johnston, Esq.
Fla. Bar No. 768286
Johnston and Sasser, P.A.
29 S. Brooksville Avenue
Brooksville, FL  34601
(352) 796-5123
(352) 799-3187 facsimile
djohnston@johnstonandsasser.com


/s/ DENNIS J. LeVINE, ESQ.
DENNIS J. LeVINE, ESQ.
Fla. Bar No. 0375993
KELLEY KRONENBERG ATTORNEYS AT LAW
1511 N. Westshore Blvd., Suite 400
Tampa, FL 33607
(813) 223-1697
(813) 433-5275 (fax)
E-mail: dlevine@kelleykronenberg.com
Attorneys for Keene Services, Inc.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the Notice of Appearance was furnished either by electronic or standard first class mail to the parties listed below on this 2nd day of  April, 2020.


<u>/s/ DENNIS J. LeVINE, ESQ.</u>
DENNIS J. LeVINE, ESQ.


Alberto F. Gomez, Jr., Esq.
401 East Madison St., Suite 3100
Tampa, FL 33602

Joseph F. Southron, Esq.
**FOUR RIVERS LAW FIRM**
400 N. Ashley Drive, Suite 1900
Tampa, Florida 33602

J. Michael Shea, Esq.
6301 Bayshore Blvd.
Tampa, FL 33611-5309

Donald E. Hemke, Esq.
**CARLTON FIELDS**
P.O. Box 3239
Tampa, FL 33601-3239